UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY BUUS, SIDNEY JOHN FLOR, KELLIE PLUMB, AUDREY SCHULMAN, and MARGARET WEBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAMU PENSION PLAN, and THE WASHINGTON MUTUAL PENSION PLAN ADMINISTRATION COMMITTEE,<br><br>Defendant. | CASE NO. C07-0903 MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT |

This matter comes before the Court on Defendants' motion to dismiss Plaintiffs' amended complaint. (Dkt. No. 22.) The Court, having considered Defendants' motion, Plaintiffs' response, (Dkt. No. 27) Defendants' reply, (Dkt. No. 32) and having heard oral argument on the matter, GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The Court GRANTS the motion relating to Claims One, Three, and Four in their entirety, as well as the age-discrimination allegations in Claim Two. The Court DENIES the motion relating to the timeliness of required notifications in Claim Two.

## BACKGROUND

Plaintiffs allege violations of the Employee Retirement Income Security Act ("ERISA"). Their primary allegation is that the WaMu Pension Plan and Washington Mutual Pension Plan Administrative

ORDER - 1

Committees' ("WaMu") retirement plan prior to June 29, 2005 discriminated based on age.[1] In addition, Claims Two, Three, and Four include allegations of procedural violation under ERISA relating to the timeliness of required notifications and plan summaries. Plaintiffs' putative class is made up of long-term WaMu employees as well as employees of companies that have merged with WaMu.

According to the complaint, in 1987 WaMu initiated a cash balance retirement plan. Under this new plan, a hypothetical cash balance account was established for each active participant. The accounts were hypothetical because they did not reflect actual contributions to accounts, but were record keeping tools used to impute gains or losses based on a credit system. Any accrued benefit in WaMu's prior plan, or in a plan under a company who later merged with WaMu, became the participant's initial balance. Pay credits and interest credits were then added to each participant's account on a regular basis until normal retirement age (65 years). Pay credits were based on a percentage of the participant's annual compensation and added each pay period. Interest credits were earned at a uniform rate and were compounded daily[2].

Plaintiffs argue that WaMu's cash balance plan discriminated based on age because the value of the interest credit in annuity dollars was directly dependent on the number of years until normal retirement age, each year of a participant's age corresponding to an incrementally lower rate of accrual. In other words, younger employees received interest credits for more years, and this discriminated against older workers. WaMu argues that Plaintiffs can state no claim because they are confusing age discrimination with the time value of money.

Plaintiffs also include allegations that WaMu failed to provide timely plan summaries (Claim Three), notifications of plan modifications (Claim Four), and notifications of amendments (Claim Two)

---

[1] Plaintiffs chose to base their allegations on WaMu's actions prior to June 29, 2005, because that was the effective date of the Pension Act of 2006. Under the Pension Act, Congress legalized retirement plans such as the one at issue here. See Pub. L. 109-280. However, Congress provided that no inference was to be drawn from the Pension Act toward claims arising prior to its effective date. Id.

[2] Interest credits were based on the average annual rate of interest on 30-year Treasury Constant Maturities for business days in November of the previous calendar year.

ORDER - 2

as required under ERISA.  WaMu argues that Claims Three and Four should be dismissed because Plaintiffs fail to seek appropriate relief for these procedural violations.

## Discussion

### I. Motion to Dismiss for Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), in determining whether Plaintiffs' complaint states a claim upon which relief can be granted, the Court must: (1) accept as true all material allegations in the complaint; and (2) construe the allegations in the complaint in the light most favorable to the plaintiffs.  NL Indus. Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  A complaint should not be dismissed if the plaintiffs allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

### II. The WaMu Cash Balance Plan Does Not Violate ERISA

Under ERISA, there are two kinds of pension plans: (1) a defined contribution plan, and (2) a defined benefit plan.  Under a defined contribution plan, an individual account is established for each employee into which the employer (and sometimes the employee) contributes specific amounts.  See 29 U.S.C. § 1002(34); Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 439 (1999).  A defined benefit plan is any plan that is not a defined contribution plan.  See 29 U.S.C. § 1002(35).  Generally, it is a plan that promises an employee a benefit upon retirement based on a formula, and consists of a "general pool of assets rather than individual dedicated accounts."  Hughes Aircraft, 525 U.S. at 439. Although WaMu's cash balance plan had some features of a defined contribution plan (defining the individual employee's benefit in terms of a stated balance), it was a defined benefit plan under ERISA because no actual contributions were made into the employees' hypothetical accounts.  "The classification of cash balance plans as defined benefit plans triggers a host of regulatory provisions applicable to defined benefit plans but not to defined contribution plans."  Register v. PNC Fin. Servs. Group, Inc., 477 F.3d 56, 63 (3rd Cir. 2007).

One such provision is central to this dispute.  As recently addressed by the Sixth Circuit, the question here "is whether so-called 'cash balance' pension plans violate 29 U.S.C. § 1054(b)(1)(H)(i),

an anti-age-discrimination provision of [ERISA]." Drutis v. Rand McNally & Co, 499 F.3d 608, 609 (6th Cir. 2007). All circuit courts that have addressed this question have found that cash balance plans nearly identical to WaMu's do not violate ERISA. See Cooper v. IBM Pers. Pension Plan, 457 F.3d 636 (7th Cir. 2006); Register, 477 F.3d 56 (3rd Cir. 2007); Drutis, 499 F.3d 608 (6th Cir. 2007).

The crux of the dispute is the definition of "rate of . . . benefit accrual" in the defined benefit plan anti-age-discrimination provision. Section 1054(b)(1)(H)(i) provides the following:

> Notwithstanding the preceding subparagraphs, a defined benefit plan shall be treated as not satisfying the requirements of this paragraph if, under the plan, an employee's benefit accrual is ceased, or <u>the rate of an employee's benefit accrual is reduced, because of the attainment of any age.</u>

(Emphasis added). Plaintiffs in this case, as in Cooper, Register, and Drutis, argue that the cash balance plan discriminates based on age because, assuming the same number of years of service and salary, a worker at age 25 and a worker at age 55 will earn the same pay credits to their account, yet the older worker will only earn 10 years of interest credits compared to 40 years for the younger worker. Plaintiffs argue that this demonstrates how the plan reduces older employee's rate of "benefit accrual" in violation of § 1054(b)(1)(H)(i). However, "this approach treats the time value of money as age discrimination." Cooper, 457 F.3d at 638. "Treating the time value of money as a form of discrimination is not sensible." Id. at 639.

The phrase "benefit accrual" is not defined under ERISA, nor under any regulation. The American Heritage Dictionary of the English Language (4th ed., Houghton Mifflin, 2000) defines "accrual" as: "1. The act or process of accumulating; an increase. 2. Something that accumulates or increases." However, a similar phrase, "accrued benefit," is defined under ERISA. See 29 U.S.C. § 1002(23(A). An "accrued benefit" is an amount "expressed in the form of an annual benefit commencing at normal retirement age" Id. Plaintiffs argue that because ERISA looks to the annuity commencing at retirement age as the accrued benefit received under a defined benefit plan, the same analysis should apply to the rate of benefit accrual in the definition of age discrimination. In this way the anti-age-discrimination provision looks to what an employee takes on retirement, not what WaMu

ORDER - 4

puts in over the term of employment. But three circuit courts have adopted a different view of the phrase "benefit accrual:"

> The phase "benefit accrual" reads most naturally as a reference to what the employer puts in (either in absolute terms or as a rate of change), while the defined phrase "accrued benefit" refers to outputs after compounding.
> . . .
> Nothing in the language or background of [§ 1054(b)(H)(1)(i)] suggests that Congress set out to legislate against the fact that younger workers have (statistically) more time left before retirement, and thus a greater opportunity to earn interest on each year's retirement savings.

Cooper, 457 F.3d at 639; accord Register, 477 F.3d at 67-70; Drutis, 499 F.3d at 613-614.

Plaintiffs cite several Second Circuit district courts.[3] See Richards v. FleetBoston Fin. Corp., 427 F.Supp.2d 150 (D.Conn. 2006) (finding cash balance plan age discriminatory by equating "accrued benefit" with "benefit accrual" thereby focusing anti-age-discrimination provision upon the plan's outputs opposed to inputs); accord In re J.P. Morgan, 460 F.Supp.2d 489 (S.D.N.Y. 2006); In re Citigroup Pension Plan ERISA Litig., 470 F.Supp.2d 323 (S.D.N.Y. 2006). But the weight of circuit court authority is well-reasoned and supported. The opposing district court decisions do not overcome the unanimity with which the circuits have treated this issue. The Court finds that WaMu's cash benefit plan does not violate ERISA because it does not reduce a participant's rate of benefit accrual on the basis of age.

**III. Plaintiffs' Notice Claims**

Based on the alleged notice violations, Plaintiffs request this Court enjoin WaMu from enforcing the cash balance plan, and order them to pay Plaintiffs what they would have accrued under prior plans. Most of Plaintiffs' notice-related claims rely on the proposition that WaMu's plan reduced a participant's rate of benefit accrual based on age. Because this proposition is wrong, these claims fail to the extent that they rely on it. Indeed, "allocations . . . under the cash balance plan are not reduced on account of age, and thus it hardly would have been appropriate to say that they were." Register,

---

[3] Plaintiff also cite a law professor's articles which are not precedent and have no authority.

ORDER - 5

477 F.3d at 73. This conclusion addresses the substance of Plaintiffs' notice-related claims, yet several residual procedural claims remain.

Three specific notice requirements are at issue: (1) advanced warning of amendments significantly reducing a participant's benefit rate of accrual (Claim Two), (2) summary plan descriptions ("SPD") (Claim Three), and (3) summary material modification descriptions ("SMM") (Claim Four). Under ERISA, notice must be provided <u>before</u> the effective date of any amendment significantly reducing the rate of benefit accrual. <u>See</u> 29 U.S.C. § 1054(h)(3). In addition, companies must provide participants with SPDs within 90 days of enrollment in the plan, and provide SPD updates every five years. <u>See</u> 29 U.S.C. § 1024(b)(1). Finally, SMMs must be issued within 210 days after the calendar year of the modification. <u>Id.</u> The Complaint alleges that WaMu failed to comply with these procedural requirements.

In Claim Two, Plaintiffs request that any amendments to WaMu's pension plan that reduced Plaintiffs' rate of benefit accrual should be disregarded due to the alleged procedural violations. This is the appropriate remedy under 29 U.S.C. § 1054(h), and Plaintiffs' claims, accepted as true for purposes of this motion, are sufficient to withstand a motion to dismiss.

As to Claims Three and Four, WaMu argues that because the plan did not discriminate based on age, only remedies for procedural violations are appropriate. They argue that Claims Three and Four should be dismissed because no such remedies were requested in the complaint. Plaintiffs did not request remedies related to procedural violations in their complaint as to Claims Three and Four, but now contend that relief is afforded under 29 U.S.C. § 1132(c) <u>See</u> (Dkt. No. 27, Response, at 20-21.) 29 U.S.C. § 1132 outlines the rights and procedures for the civil enforcement of ERISA. Section 1132(c) is one of these civil enforcement provisions; however, Plaintiffs' argument fails because they do not allege violations of any procedural requirement covered by section 1132(c).

Even the most broad remedial provision, 29 U.S.C. § 1132(a)(3) (giving the Court equitable power to redress ERISA violations), does not appear to offer Plaintiffs relief from the procedural violations alleged in Claims Three and Four. Although § 1132(a)(3) may give the Court broad

ORDER - 6

equitable powers, such remedies typically require "egregious behavior." See Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1075 (9th Cir. 2005). In order to qualify as "egregious behavior," the alleged procedural violations must "alter the substantive relationship between employer and employee." Blau v. Del Monte Corp., 748 F.2d 1348, 1354 (9th Cir. 1985). The Ninth Circuit clarified the kind of behavior required to support such a finding when it held that such "relief under ERISA is available where an employer actively and deliberately misleads its employees to their detriment." Peralta v. Hispanic Bus., Inc., 419 F.3d at 1075.

Nothing in the complaint, even viewed in the light most favorable to Plaintiffs, rises to this level of misconduct. Therefore, none of the alleged procedural violations in Claims Three and Four can support the substantive and injunctive relief requested by Plaintiffs. The procedural violations alleged in Claims Three and Four are dismissed in their entirety.

**IV. Other Issues**

First, WaMu argues that all claims prior to 2001 are time-barred. Because there is no specific statute of limitations under ERISA, courts must "look to the most analogous state statute of limitations to determine the length of the limitations period." Chuck v. Hewlett Packard Co., 455 F.3d 1026, 1031 (2006). There is some dispute over the applicable statute of limitations. However, the Court need not decide the issue here because the trigger for the running of the statute is dispositive, and that is governed by federal law. Id. "[A] cause of action accrues when a pension plan communicates a clear and continuing repudiation of a claimant's rights under a plan . . . ." Id. Regarding the age discrimination claims, because the cash balance plan did not discriminate on this basis the applicable statute of limitations was not triggered. Therefore, arguments that the claims are time-barred are irrelevant.

As to the alleged procedural violations, dismissal would only be appropriate on a Rule 12(b)(6) motion if the running of the statute is apparent on the face of the complaint. See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). WaMu presents no evidence from the complaint that suggests there was a "clear and continuing repudiation" of Plaintiffs' procedural rights under ERISA.

Since the running of the statute cannot be calculated from the allegations in the complaint, Rule 12(b)(6) dismissal of the procedural violations as time-barred would be premature.

Second, WaMu argues that Plaintiffs lack standing to bring this class action for violations involving WaMu's merger with Ahmanson & Co. because none of the named plaintiffs were employees of Ahmanson at the time of the merger. Thus, WaMu argues, none of the plaintiffs suffered an injury with regard to the transfer of Ahmanson employees to WaMu's cash balance plan. This question would be more appropriately addressed at the class certification stage of this litigation. Moreover, as noted in the Sixth Circuit "an individual in one ERISA benefit plan can represent a class of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans." Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 422 (6th Cir. 1998) see also Forbush v. J.C. Penny Co., Inc., 994 F.2d 1101 (5th Cir. 1993).

## Conclusion

Under ERISA, Defendants' cash balance retirement plan is not discriminatory because it does not reduce the rate of benefit accrual on the basis of age. In addition, the residual procedural claims in Plaintiffs' third and fourth claims do not provide Plaintiffs with the substantive or injunctive relief they seek. Therefore, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The Court GRANTS the motion relating to Claims One, Three, and Four in their entirety, as well as the age-discrimination allegations in Claim Two. The Court DENIES the motion relating to the timeliness of required notifications in Claim Two.

DATED: December 18, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 8