The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY BUUS, SIDNEY JOHN FLOR, KELLIE PLUMB, AUDREY SCHULMAN and MARGARET WEBER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WAMU PENSION PLAN and THE WASHINGTON MUTUAL PENSION PLAN ADMINISTRATION COMMITTEE, <br><br> Defendants. | No. 07-CV-903MJP <br><br> STIPULATION AND PROTECTIVE ORDER |

## STIPULATION

The parties hereto, through counsel, stipulate that during the course of discovery in this action, one or both parties will produce documents that the producing party considers to be confidential, as containing confidential personal information, employee benefits information, employee personnel information, participant account statements and other potentially confidential information as set forth in Paragraph 3 of the subjoined Order, and that one or both parties may consider it necessary to file such confidential documents with the Clerk of the Court in support of or in opposition to motions or for other purposes. The parties, through counsel, therefore stipulate and agree that the subjoined Order may be entered.

STIPULATION AND PROTECTIVE ORDER  (07 CV 903MJP) — 1

Stipulation dated this 10th day of March, 2008.

By: /s/ Ladd B. Leavens
Ladd B. Leavens, WSBA No. 11501
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:  (206) 757-8082
Facsimile:  (206) 757-7700
laddleavens@dwt.com

Anne E. Rea
Rachel B. Niewoehner
Danielle J. Carter
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
area@sidley.com
djcarter@sidley.com
rniewoehner@sidley.com

**Attorneys for Defendants**

By: /s/ Karin B. Swope
Karin B. Swope, WSBA No. 24051
Derek W. Loeser, WSBA No.
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384
kswope@kellerrohrback.com

**Attorneys for Plaintiffs**

## PROTECTIVE ORDER

Based on the foregoing Stipulation, and having concluded that the entry of a Protective Order in the captioned matter is appropriate, the Court ORDERS as follows:

**1.** This Stipulation and Protective Order ("Protective Order") governs the treatment of all documents, depositions, deposition exhibits, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or third party ("Producing Party") to any other party ("Receiving Party") in the above-captioned matter ("Action").

**2.** All documents and information produced by any Producing Party during the course

STIPULATION AND PROTECTIVE ORDER  (07 CV 903MJP) — 2

of this Action, irrespective of whether it is designated as "Confidential Information," shall be used solely for the purpose of this Action.

**3.** Any Producing Party may designate as "Confidential Information" any Discovery Material that it believes in good faith contains legally protectable or other confidential personal information; employee benefits information; employee personnel information; participant account statements; confidential trade secrets; non-public research, development, financial, or commercial information; and all other documents and information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

**4.** Any Producing Party may redact Social Security Numbers, taxpayer identification numbers, and bank account numbers from Discovery Material.

**5.** All Confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing, in an unobtrusive manner, the legend "**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**" or "**CONFIDENTIAL**" on the face of the document and on each page or portion thereof so designated. Any such designation shall subject the document, its contents, or any portion thereof, to this Protective Order without any further act on the part of the Producing Party.

**6.** Confidential Discovery Material may be disclosed by the Receiving Party or made available without written consent from the Producing Party *only* to the following persons:

   **(a)** Lead Plaintiffs and Class Representatives, *provided that* such person(s) execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosures so that it may be shown to counsel for the Producing Party if a request therefore is made;

   **(b)** The defendants in the Action and Washington Mutual, Inc. and its

STIPULATION AND PROTECTIVE ORDER (07 CV 903MJP) — 3

directors, officers, in-house counsel, employees who are assisting in the defense of the Action, and, if a class has been certified, up to five class members who are assisting in the litigation of the Action, provided that such class members execute the Undertaking prior to any disclosure to such class member(s) and that a copy of such signed Undertaking is retained by Plaintiffs' counsel so that it may be shown to counsel for the Producing Party if a request therefore is made;

**(c)** Outside counsel of record for the respective parties to this litigation, including attorneys, paraprofessionals, and employees of such law firms;

**(d)** Experts or consultants retained to assist counsel for the parties, ***provided that*** any such experts or consultants execute the Undertaking prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s), so that it may be shown to counsel for the Producing Party – in the case of a testifying expert only – if a request therefore is made after the date set by the court for the disclosure of the identities of testifying experts;

**(e)** Potential non-party witnesses in this Action and their counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery, ***provided that*** any such persons and any such counsel execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making disclosure so that it may be shown to counsel for the Producing Party if a request therefore is made;

**(f)** Any witness deposed in this Action, who shall be provided prior to or at the outset of his, hers, or its deposition with a copy of this Protective Order and such person, on the record at the deposition, shall be informed that he, she, or it (and such person's counsel, if any), is bound by the terms of this Protective Order by virtue of an Order of the Court, and shall be requested to execute the Undertaking prior to disclosure;

STIPULATION AND PROTECTIVE ORDER  (07 CV 903MJP) — 4

**(g)** Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony; and

**(h)** Outside service personnel for the purposes of photocopying or assisting in the photocopying or delivery of documents or the retrieval of electronically stored information in connection with this Action;

**(i)** The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

**7.** Confidential Discovery Material may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material, or pursuant to a document request, subpoena or court order in another action during the pendency of this action provided that the party receiving such document request, court order, or subpoena gives written notice to the Producing Party within three business days of receipt and provides the Producing Party with an opportunity to seek relief from the document request, order, or subpoena.

**8.** The inadvertent failure to stamp a document, or a portion thereof, with the "Confidential" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the receiving party, in writing, immediately after becoming aware that the Confidential Information was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Information and shall promptly provide a replacement copy of such material with the appropriate "confidential" designation thereupon.

**9.** In the event that one of the law firms that is counsel of record in this action learns or discovers that a document subject to immunity from discovery on the basis of attorney-client

privilege, work product, or other valid basis has been produced inadvertently, counsel shall notify the receiving party or parties within ten (10) business days after so learning or discovering that such inadvertent production has been made. The inadvertently-disclosed documents and all copies thereof shall promptly be returned to the producing party. The Receiving Party may thereafter file a motion challenging the designation of privilege. The Receiving Party, however, shall not seek an order compelling production of the inadvertently-disclosed documents on the ground that the Producing Party has waived or is otherwise estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced. Such inadvertent disclosure shall not result in the waiver of any associated privilege. Nor shall the Receiving Party, during the pendency of any dispute over the assertion of privilege, use or disclose the information for any purpose other than to challenge the assertion of privilege. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

**10.** All deposition testimony and exhibits that disclose or reference Confidential Discovery Material shall be treated as Confidential pursuant to this Protective Order. Testimony of a third-party deponent may be designated as Confidential by any party or the deponent (including the deponent's attorney or representative). Any portion of a deposition transcript, including exhibits and videotape, may be designated in good faith as Confidential Discovery Material under the terms of this Protective Order on the record of the deposition, or within thirty (30) business days after receipt of the transcript(s) of such deposition. Designations of deposition testimony as Confidential Discovery Material should not be over-inclusive such that entire transcripts are designated as Confidential when only portions are appropriately so designated, provided, however, that an entire transcript may be designated as Confidential where the vast majority of the transcript would appropriately be so designated. All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof and on each page that contains

Confidential Discovery Material.

**11.** Documents containing "CONFIDENTIAL" material shall not be filed with the Court unless it is reasonably necessary to do so for purposes of trial, motions (including without limitation, motions for class certification, preliminary injunction or summary judgment) or other Court matters. The filing party shall take all reasonable steps to file "CONFIDENTIAL" material under seal in compliance with Rule 26(c)(7) and Local Civil Rule 5(g).

**12.** If a party wishes to use "CONFIDENTIAL" material to support or oppose a motion or at trial, the following procedures shall apply:

(a) The party submitting the material shall submit to the Court a motion to seal pursuant to CR 5(g)(2) contemporaneous with the filing of the "CONFIDENTIAL" material and shall adhere to all requirements in CR 5(g)(3) for filing such material under seal.

(b) If the disclosing party or non-party is not the party filing the motion to seal, then the disclosing party or non-party shall make the showing required by CR 5(g) in its response to the motion.

(c) Any motion to seal filed under any subsection of this Paragraph 13 shall be noted for consideration no earlier than the third Friday after filing, in accordance with CR 7(d)(3). The Clerk of the Court shall maintain the "CONFIDENTIAL" materials under seal until the Court rules on the motion to seal, subject to the provisions of the following Paragraph.

**13.** In the event the Court denies a motion to seal documents labeled "CONFIDENTIAL," the Clerk of the Court shall leave the documents under seal for a period of three (3) three judicial days after the date of the Court's denial of the motion to seal. If the filing party initially designated the documents "CONFIDENTIAL," then within that three (3) day period, the filing party may, at its option, file replacement documents that do not contain "CONFIDENTIAL" material, in which case the documents initially filed under seal shall be returned to the filing party and not be considered by the Court. If the filing party does not file replacement documents within the time period prescribed by this Paragraph, the material shall be

filed unsealed in the Court file.

**14.** Confidential Discovery Material may be offered into evidence at trial or at any court hearing in open court. The Producing Party may apply for an order that evidence be received *in camera* or under other less public circumstances to prevent unnecessary disclosure.

**15.** Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit to so use or discuss that material for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.

**16.** This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as confidential under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

**17.** The following procedures shall apply to any disputes arising from the designation of Discovery Materials as confidential pursuant to this Protective Order:

　**(a)** If a party in good faith disagrees with the Producing Party's confidential designation, that party shall inform counsel for the Producing Party in writing of that disagreement not later than fourteen (14) days prior to the filing of the final pretrial order;

　**(b)** Upon written notification that a party disagrees with a confidential designation, counsel for the objecting party and the Producing Party will confer in a good faith effort to resolve the dispute without Court intervention;

　**(c)** If the dispute is not resolved within fifteen (15) days of the Producing Party's receipt of the objecting party's written notification, the objecting party may invoke the Court rules and procedures for raising discovery disputes; and

**(d)** Until such time as any such judicial process has been initiated and resolved, all parties receiving Confidential Discovery Material shall abide by the designation.

**18.** Each document, material, or other thing, or portion thereof designated as confidential shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

**19.** Except as otherwise agreed in writing by the parties, within ninety (90) days after the entry of a final judgment (including resolution of appeals or petitions for review), all Confidential Discovery Material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall, at the Receiving Party's election, be returned to the Producing Party, or the party's counsel shall certify to the Producing Party that all such materials in their possession, custody, or control have been destroyed. This Protective Order shall survive the final termination of this Action with respect to any such Confidential Discovery Material, except as provided in Paragraph 21 (*infra*).

**20.** Within sixty (60) days after this case is closed in the District Court, any Producing Party may obtain the return of any previously-sealed or previously-restricted documents filed with the Clerk of Court by moving the Court for the return of such documents. Any documents that are not so withdrawn will become part of the public case file.

**21.** Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending or modifying this Protective Order. Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

Dated this _17th__ day of ____March_____, 2008.

        _/s Marsha J. Pechman_____
        MARSHA J. PECHMAN
        United States District Judge

# APPENDIX A

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GARY BUUS, SIDNEY JOHN FLOR, KELLIE PLUMB, AUDREY SCHULMAN and MARGARET WEBER, individually and on behalf of all others similarly situated, | ) ) ) ) ) | No. 07-CV-903MJP<br><br>UNDERTAKING |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| WAMU PENSION PLAN and THE WASHINGTON MUTUAL PENSION PLAN ADMINISTRATION COMMITTEE, | ) ) ) ) | |
| Defendants. | ) | |

## **UNDERTAKING**

I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of the Stipulation and Protective Order executed by the parties and entered by the Court in the above-captioned litigation. I hereby attest that I have been given a copy of and have read the Stipulation and Protective Order and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Stipulation and Protective Order, such confidential documents, materials, or information. I further agree that the United States District Court for the Western District of Washington has jurisdiction to enforce the terms of the

Stipulation and Protective Order, and I consent to jurisdiction of that Court over my person for that purpose.

Signature: _____   Date: _____

Name (type or print): _____

Position:         _____

Firm:             _____

Address:          _____

Telephone Number: _____

STIPULATION AND PROTECTIVE ORDER  (07 CV 903MJP) — 13