THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY BUUS, SIDNEY JOHN FLOR, KELLIE PLUMB, THOMAS SCHOENLEBER, AUDREY SCHULMAN, and MARGARET WEBER, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>   v.<br><br>WAMU PENSION PLAN and THE WASHINGTON MUTUAL PENSION PLAN ADMINISTRATION COMMITTEE,<br><br>                 Defendants. | No. 07-CV-903MJP<br><br>PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO BENEFIT REDUCTIONS THROUGH WEAR AWAY<br><br>NOTE ON MOTION CALENDAR: JULY 18, 2008 |

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO BENEFIT REDUCTIONS THROUGH WEAR AWAY

(07-CV-903MJP)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL STATEMENT ....................................................................................................3

    A.  Plaintiffs Have Reason to Believe that Wear Away Resulting from the 1987 WaMu, 1994 Pacific First, and 1997 Great Western Plan Amendments Effected a Significant Reduction in Participants' Rates of Future Benefit Accrual Requiring § 204(h) Notice...............................3

    B.  Plaintiff Sidney Flor's Future Benefits Were Reduced Due to Wear Away As a Result of the 1987 WaMu Plan Amendment Adopting the Cash Balance Formula. ....................................4

III. ARGUMENT.........................................................................................................................7

    A.  Plaintiffs Are Entitled to Discovery of All Reductions in Participants' Rates of Future Benefit Accrual Effected by the Plan Amendments, Including Reductions Caused Through the Hidden Impact of Wear Away. ..............................................................................................7

        1.  ERISA Section 204(h) Requires Advance Notice of All Plan Amendments that Effect a Significant Reduction in the Rate of Future Benefit Accrual. ...........................................7

        2.  Plaintiffs Are Entitled To Discovery on the Plan Amendment Features Causing Wear Away and Defendants' Knowledge and Analysis of These Impacts. ................................9

IV. CONCLUSION ...................................................................................................................12

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP)  Page i

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Honeywell Ret. Earnings Plan*, 382 F. Supp. 2d 1139 (D. Ariz. 2005) ............................. 9

*Amara v. Cigna Corp.*, 534 F. Supp. 2d 288 (D. Conn. 2008) ....................................................... 7, 11

*Buus v. WaMu Pension Plan*, No. 07-903, 2007 WL 4510311 (W.D. Wash. Dec. 18, 2007) ..................................................................................................................................... 3

*Copeland v. Geddes*, 62 F. Supp. 2d 673 (N.D.N.Y. 1999) ........................................................... 9, 11

*Davidson v. Canteen Corp.* 957 F.2d 1404 (7th Cir. 1992) ............................................................ 8, 9

*DiCioccio v. Duquesne Light Co.*, 911 F. Supp. 880 (W.D. Pa. 1995) .......................................... 9

*Liew v. Breen*, 640 F.2d 1046 (9th Cir. 1981) ............................................................................... 11

*Normann v. Amphenol Corp.*, 956 F. Supp. 158 (N.D.N.Y. 1997) ................................................ 9

**Federal Statutes**

29 U.S.C. § 1001(b) (1976) ............................................................................................................ 8

ERISA § 204(g), 29 U.S.C. § 1054(g) ........................................................................................... 4

ERISA § 204(h), 29 U.S.C. § 1054(h) ..................................................................................... passim

**Federal Rules**

Fed.R.Civ.P. 26(b)(1) ..................................................................................................................... 10

**Other Authorities**

8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2008 (2d ed. 1994) ............................................................................................ 11

Ellen E. Shultz, "Ins and Outs of 'Cash-Balance' Plan – Employees Will Need to Know What Effects the New Setup Could Have on Their Pensions," *Wall St.J.*, Dec. 4, 1998……………………………………………………………………………………….. 6

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP)   Page ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I. INTRODUCTION

This case involves the failure of Defendants, the Washington Mutual Pension Plan and the Washington Mutual Pension Plan Administration Committee (collectively, "WaMu") to properly inform its pension plan participants that it was going to reduce their rate of future benefit accrual through plan amendments. Discovery reveals that the Plan amendments at issue reduced participants' benefits in a myriad of ways. Defendants have produced discovery relating to reductions for most of the benefit reductions resulting from the Plan amendments at issue in this case, but, based on specious relevancy objections, have withheld documents concerning a particularly pernicious type of reduction called "wear away." Because wear away is a type of reduction caused by the Plan amendments for which Defendants should have provided notice under ERISA § 204(h), 29 U.S.C. § 1054(h), Plaintiffs seek to compel discovery from Defendants related to their knowledge, analysis, and failure to disclose to Plan participants the wear away caused by the Plan amendments in this case, and particularly arising from the 1987 WaMu, 1994 Pacific First, and 1997 Great Western Plan amendments.

"Wear away" refers to a period of time after a conversion to a cash balance plan during which a participant receives no additional accrual to his or her retirement benefit, despite having his "hypothetical" account credited with pay and interest credits per the terms of the cash balance formula. Where wear away occurs, the pay and interest credits are illusory because they do not increase the participant's accrued benefit – yet, the "credits" create the false impression that a participant's accrued benefit is growing. Because the wear-away effect is hidden and can only be determined by an actuary, the failure to disclose the impact of wear away arising from Plan amendments is inherently misleading.

The on-the-ground impact of wear away on participants' reduction in the rate of future benefit accrual in this case is alarming. For example, although Plaintiff Sidney Flor was an active WaMu Plan participant for 13 years after the WaMu Plan's 1987 amendment adopting a cash balance plan, due to the wear-away effect put in place by that amendment, <u>his actual</u>

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP) Page 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    <u>retirement benefit remained static for virtually all of the 13 years after the 1987 cash balance</u>
2    <u>conversion. It was only in the period just prior to his retirement in 2000 that the benefit to which</u>
3    <u>Mr. Flor was entitled at termination marginally increased over his prior frozen benefit.</u>  *See*
4    Declaration of Claude Poulin ("Poulin Decl."), filed herewith, ¶¶ 11, 14-15. Although Mr. Flor's
5    account statements misleadingly suggested otherwise, for a period of over 12 years, he did not
6    accrue any additional retirement benefits after the WaMu Plan converted to a cash balance plan
7    in 1987. *Id*. ¶¶ 15, 17; *see also* Declaration of Amy Williams-Derry ("Derry Decl."), filed
8    herewith, Ex. 5 (Flor account statements). As a result of this wear away, his rate of future
9    benefit accrual was correspondingly reduced under the amended plan. Neither Mr. Flor nor the
10   class he seeks to represent ever received notice of this, or any other, reduction in the rate of
11   future benefit accrual stemming from the WaMu Plan conversion.

12           The named Plaintiffs who were subject to reductions from wear away or potential wear
13   away created by the 1987 WaMu and 1997 Great Western Plan amendments (Plaintiffs Flor,
14   Schoenleber, Buus, and Schulman) received periodic, and misleading, account statements
15   indicating that their account balances were periodically ***increasing***. *See* Derry Decl. Exs. 5-8
16   (Plaintiffs' benefit statements). Plaintiffs are entitled to discovery on the full extent of wear
17   away caused by these amendments in order to show that this particular type of reduction
18   occurred, that Defendants knew it was likely to occur, and was occurring, and yet, failed to
19   notify participants of its effects. It is this specific discovery, the relevance of which is clear in
20   *this case concerning the failure to give notice of reductions*, that Defendants have wrongfully
21   withheld.

22           There is no doubt that Defendants are withholding discovery on wear away. In the
23   context of the parties' meet and confer on this topic, Defendants confirmed they have documents
24   in their possession addressing wear away, but have refused to provide this discovery based on
25   their unfounded belief that wear away is outside the scope of Plaintiffs' claims under § 204(h).
26   *See* Derry Decl. ¶¶ 3-4, 9.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP)  Page 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs conferred with Defendants on this topic under Rule 37 on June 25, 2008 and in subsequent phone conferences and email correspondence. *Id.* ¶ 3. Plaintiffs asked Defendants to pursue the resolution of this issue by means of a joint motion pursuant to Local Rule 37(a)(2)(B), but Defendants refused to agree to a joint format, requiring Plaintiffs to file this motion to compel. *Id.* ¶¶ 3-4.

## II.  FACTUAL STATEMENT

**A.  Plaintiffs Have Reason to Believe that Wear Away Resulting from the 1987 WaMu, 1994 Pacific First, and 1997 Great Western Plan Amendments Effected a Significant Reduction in Participants' Rates of Future Benefit Accrual Requiring § 204(h) Notice.**

This case as it now stands involves the failure of WaMu to disclose to its employees that the amendments to the bank's pension Plan, and the amendments to the pension Plans of its predecessor banks named in the Complaint (Great Western, Pacific First, Ahmanson, and Dime) would result in significant reductions—as much as 50 percent—to employees' retirement pension benefits under the new Plans.[1]  Because the conversion of these Plans to a new cash balance formula caused a significant reduction in the rate of participants' future benefit accrual, Defendants had an obligation to provide notice of these reductions to Plan participants under ERISA § 204(h).  In fact, discovery to date shows that Defendants knew these reductions were going to occur, but failed to give notice providing fair warning that reductions would occur under the new plans, as required under ERISA § 204(h).[2]  *See* Derry Decl., Exs. 9-11, ¶¶ 15-17.

---

[1] Plaintiffs' motion seeking certification of class claims for the following Plan amendments is pending: 1) the 1987 WaMu Plan amendment adopting a cash balance formula; 2) the 1994 Pacific First Bank amendment and merger with WaMu adopting a cash balance formula; 3) the 1997 Great Western Bank amendment adopting a cash balance formula; 4) the 1998 Great Western Bank amendment and merger with WaMu adopting a cash balance formula; 5) the 1999 H.F. Ahmanson Bank amendment and merger with WaMu adopting a cash balance formula; and 6) the 2002 Dime Bank amendment and merger with WaMu adopting a cash balance formula. The Court has ruled that discovery as to Ahmanson should be deferred until after a ruling on class certification. May 13, 2008 Order on Motion to Compel (Dkt. No. 103) at. 3.

[2] As this Court has already ruled, the remedy for a violation of ERISA § 204(h) is that any amendment significantly reducing the rate of future benefit accrual for which proper notice has not been provided, "should be disregarded." *Buus v. WaMu Pension Plan*, No. 07-903, 2007 WL 4510311, at *4 (W.D. Wash. Dec. 18, 2007); *accord* ERISA § 204(h), 29 U.S.C. § 1054(h).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP)  Page 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs have issued at least four Requests for Production ("RFP") to Defendants for discovery relating to benefit reductions caused by wear away under the Plan amendments. Derry Decl., ¶¶ 6 & 8 (referencing Exs. 2 & 4). With certain limitations, Defendants have agreed to discovery pursuant to RFP No. 22, which asks for "all documents . . . relating to impacts on accrued benefits or rates of future benefit accrual, resulting from any amendments to the Plans for the period June 1, 1986 to the present . . . ."[3] However, Defendants have refused to produce discovery in response to Plaintiffs' more specific requests in RFP Nos. 44, 45, and 53 which seek documents specifically addressing reductions related to wear away.[4]

Based on the limited discovery from Defendants to date, Plaintiffs' actuarial expert has been able to demonstrate the wear away impact stemming from the 1987 WaMu Plan amendment. *See* Poulin Decl. & Ex. 2 thereto. Based on ongoing discovery, Plaintiffs believe that wear away was also created by the 1997 Great Western Plan amendment and the 1994 Pacific First Plan amendment adopting cash balance plans. *See, e.g.*, Derry Decl. ¶ 16 (quoting WM0003844-45, Ex. 10 (regarding wear away arising from Pacific First Plan conversion)); *id.* ¶ 18, Ex. 12 (quoting ML 000045's truncated description of wear away related to the 1994 Pacific First Plan amendment); *id.* ¶ 19, Ex. 13, WME0004316-17 (heavily redacted letter describing wear away impact of Great Western 1997 Plan amendment).

**B.   Plaintiff Sidney Flor's Future Benefits Were Reduced Due to Wear Away As a Result of the 1987 WaMu Plan Amendment Adopting the Cash Balance Formula.**

Wear away is a foreseeable impact causing a reduction in future rates of benefit accrual as a result of a plan converting from a final average pay plan to a cash balance plan using a conversion method similar to that used in the 1987 WaMu, 1997 Great Western, and 1994 Pacific First Plan amendments. When a plan amends its pension benefit formula, it is prohibited from decreasing a participant's accrued benefit due to protections under ERISA's anti-cutback

---

[3] RFP No. 22 and Response thereto, Derry Decl. Ex. 2 at 12-13.

[4] *Id.*, Derry Decl. Ex. 2 at 21 (RFP Nos. 44 & 45) & Ex. 4 at 4 (RFP No. 53).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO BENEFIT REDUCTIONS THROUGH WEAR AWAY

(07-CV-903MJP) Page 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

provision, ERISA § 204(g), 29 U.S.C. § 1054(g).  Under ERISA § 204(g), in the context of an amendment converting a plan to a cash balance plan, a participant's accrued benefit upon termination or retirement can never be less than the participant's frozen accrued benefit calculated under the prior formula as of the date of conversion, or a benefit of actuarially equivalent value.

In light of this, a common method used by employers (exemplified by WaMu in 1997 and 1994 and its predecessor Great Western in 1997) was to convert the prior traditional pension plan to a cash balance plan by calculating the actuarial present value of each participant's frozen accrued benefit at the time of the conversion.  Expressed as a "lump sum," the actuarial equivalent of that frozen accrued benefit at the time of conversion became the "opening balance" of the participant's notional cash balance account under the amended plan formula.  In this way, each participant starts out under the cash balance plan with a benefit seemingly equal in value to the benefit he or she had accrued to date under the old formula, with the only difference being that future benefits will accrue under the new cash balance formula instead of under the prior formula.

Moving forward under the cash balance formula after the 1987 WaMu, 1994 Pacific First, and 1997 Great Western conversions, participants received periodic pay and interest credits to their hypothetical "cash balance" account based on a schedule set forth in the amended Plans.  Indeed, most of the named Plaintiffs received periodic statements from Defendants showing that their notional account balances under the cash balance plan were increasing on a regular basis.  Derry Decl., Exs. 5-8.  However, for participants affected by wear away under these three amendments, participants' "growing" account balances provided only *illusory benefits* with no actual increase to their retirement benefit over their prior frozen benefit for a period of up to several years.  This phenomenon—"wear away"—could have been known, and probably was known, to Defendants prior to the amendments' effective dates.  *It should have been disclosed* as required by ERISA § 204(h).  However, based on Defendants' withholding of crucial

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO BENEFIT REDUCTIONS THROUGH WEAR AWAY

(07-CV-903MJP) Page 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  documents regarding wear away, Plaintiffs do not yet know the full extent of wear away under
2  the Plan amendments adopting a cash balance plan. Plaintiffs do know, however, that wear away
3  did in fact occur. In the case of Plaintiff Sidney Flor, his period of wear away lasted for over 12
4  of the 13 years that he remained with WaMu after its 1987 amendment adopting the cash balance
5  plan. Poulin Decl. ¶ 14.

6  Mr. Flor's experience of wear away under the WaMu Plan arose because, for a
7  substantial number of years after 1987, his pre-conversion (frozen final average pay) benefit
8  exceeded the pension benefit derived under the new formula from his cash balance account. *Id*.
9  ¶ 12. Mr. Flor's period of wear away caused by the 1987 amendment finally ended in the period
10 immediately preceding his January 2000 retirement. *Id*. ¶ 15. As demonstrated in Exhibit 2 to
11 the Poulin Decl., the ultimate benefit to which Mr. Flor was entitled when he retired in **2000** at
12 age 59 ½—after over 40 years of total service with WaMu—was only **$15.92** higher as a
13 monthly annuity than the early retirement benefit to which Mr. Flor would have been entitled at
14 age 59 ½ under the prior WaMu plan before it was amended in **1987**. Poulin Decl. ¶ 15.[5] Mr.
15 Flor's benefit suffered a reduction for 12 of his 13 years under the cash balance plan due to wear
16 away stemming from the Plan amendment.

---

[5] *See also* Derry Decl., Ex. 14, Ellen E. Shultz, "Ins and Outs of 'Cash-Balance' Plan – Employees Will Need to Know What Effects the New Setup Could Have on Their Pensions," *Wall St.J.*, Dec. 4, 1998, at C1) (explaining that "wear away" may occur when a pension plan is converted from a final average pay plan to a cash balance plan and after the conversion, due in part to dropping interest rates, there are periods of time where a participant will not earn a new pension benefit until the cash balance account increases to the level of the old benefit under the final average pay plan).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP) Page 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## III.  ARGUMENT

**A.  Plaintiffs Are Entitled to Discovery of All Reductions in Participants' Rates of Future Benefit Accrual Effected by the Plan Amendments, Including Reductions Caused Through the Hidden Impact of Wear Away.**

**1.  ERISA Section 204(h) Requires Advance Notice of All Plan Amendments that Effect a Significant Reduction in the Rate of Future Benefit Accrual.**

Plaintiffs' Count Two alleges violations of ERISA's strict notice requirements under § 204(h), which requires notice at least 15 days prior to a plan amendment's effective date if the amendment causes a significant reduction in the rate of future benefit accrual.  ERISA § 204(h) as in effect at the time of the challenged Plan amendments provided in relevant part:

> **A . . . plan may not be amended so as to provide for a significant reduction in the rate of future benefit accrual**, **unless**, after adoption of the plan amendment and not less than 15 days before the effective date of the plan amendment, the plan administrator provides a written notice, setting forth the plan amendment and its effective date, to (1) each participant in the plan, . . .

29 U.S.C. § 1054(h) (1986) (emphasis added).  Plaintiffs allege that a significant reduction in the rate of future benefit accrual occurred in all six of the Plan amendments at issue in this case.  *See supra* note 1 (listing Plan amendments and dates for which Plaintiffs seek class certification); *see also* Second Amended Compl. (Dkt No. 79) ¶ 80 (referring to Plan conversion and merger dates and incorporating by reference Compl. Ex. 1) & ¶¶ 75-87 ("Second Claim for Relief").

Defendants have refused to produce discovery related to benefit reductions that relate to "wear away," based on their position that wear away is not a reduction that § 204(h) was meant to address.  Nothing can be further from the truth.  In a very recent cash balance case holding defendants liable under ERISA § 204(h) for failing to disclose benefit reductions that included wear away, Judge Kravitz of the District of Connecticut found that wear away is precisely the type of reduction that results from conversions to cash balance formulas for which participants are entitled to notice under § 204(h).  *Amara v. Cigna Corp.*, 534 F. Supp. 2d 288, 338-39, 348 (D. Conn. 2008).  Indeed, where wear away causes a period of no benefit accrual, plans may not "offer material misrepresentations suggesting benefit increases instead." *Id.* at 339.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO BENEFIT REDUCTIONS THROUGH WEAR AWAY

(07-CV-903MJP)  Page 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

With respect to the reductions in benefits experienced by the Cigna participants, including reductions created by wear away caused by—just like this case—the changes in interest crediting rates and early retirement benefits set forth in the amended plan, Judge Kravitz held:

> Permitting employers to avoid these important [notice] obligations simply by exploiting the technicality of "freezing" old benefits before retroactively instituting new ones runs diametrically opposite to [ERISA's notice] purpose, and the Court refuses to adopt such a position. . . . A primary purpose of notice under § 204(h) is to provide employees the opportunity to learn about changes to their retirement plan and perhaps to complain or otherwise seek to modify those changes if they are unacceptable.

*Id*. at 337.  In addition, Judge Kravitz specifically found that reductions caused by wear away "would also have reduced the rate of benefit accrual for those participants," thereby entitling them to § 204(h) notice.  *Id*. at 338.  Because wear away reduces plan participants' future retirement benefits and is inherently undecipherable to the lay person at the time of the Plan amendment, it is precisely the type of reduction of which ERISA requires advance disclosure under § 204(h).  *See* 29 U.S.C. § 1001(b) (1976) (Congressional statement declaring ERISA's broad remedial purpose to protect interests of participants in employee benefit plans and their beneficiaries by requiring disclosure).

In *Davidson v. Canteen Corp*. 957 F.2d 1404, 1407 (7th Cir. 1992), the Seventh Circuit interpreted the plain language of ERISA § 204(h) as providing a clear and broad mandate to provide advance written notice of "*all* significant reductions." (emphasis in original).  The Seventh Circuit rejected defendant's argument, similar to Defendants' position here, that certain types of benefit reductions should be carved out from the purview of § 204(h).  The particular benefit reduction at issue in *Davidson* was an April 1996 amendment altering the definition of eligible compensation by eliminating income resulting from a stock option plan.  The *Davidson* plaintiffs received no advance written notice of the reduction in their rate of future benefit accrual caused by the amendment, and the Seventh Circuit affirmed summary judgment for plaintiffs on their § 204(h) claim.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP) Page 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

On appeal, defendant tried to argue that § 204(h) could not be enforced because the reductive effect of the plan amendment did not apply to all participants and the precise impact to any individual participant could not be determined in advance. The Seventh Circuit rejected that argument, holding that the fact of the reduction as a general matter triggered disclosure obligations under ERISA § 204(h):

> The statute [ERISA § 204(h)], however, does not apply only to amendments that affect *all* plan participants, affect participants in a uniform and predictable manner, or reduce their benefits by an amount accurately calculable at the time the amendment is passed. It applies to *all* significant reductions.

*Davidson*, 957 F.2d at 1407.

*Davidson* also rejected the defendant's "hypertechnical" argument that sought to characterize the benefit reductions at issue as not constituting a "reduction in the rate of future benefit accrual" under § 204(h). Because participants' benefits "would accrue at a different, and slower, rate" after the amendment, the court held that ERISA "cannot allow" this change, which would "achieve the same result as a reduced rate of accrual," to become effective without imposing "the same effects [of the § 204(h) notice requirement]." *Id.* Because the amendment provided that benefits would accrue at a different, and slower rate—just like the impact of wear away experienced by Plaintiffs in this case—the Seventh Circuit held that the amendment accomplished "a significant reduction in the rate of future benefit accrual for purposes of § 204(h)." *Id.*

**2. Plaintiffs Are Entitled To Discovery on the Plan Amendment Features Causing Wear Away and Defendants' Knowledge and Analysis of These Impacts.**

Reductions in the rate of future benefit accrual occur in a myriad of ways, and the cases under § 204(h) recognize the wide range of reductions required to be disclosed through the warning mechanism of § 204(h).[6] In addition to the reductions caused by wear-away that is the

---

[6] *See, e.g.*, *Cigna*, 534 F. Supp. 2d at 338 (Section 204(h) notice required for wear away stemming from elimination of early retirement benefit and compounding effect of interest credits arising from plan amendment); *Allen v. Honeywell Ret. Earnings Plan*, 382 F. Supp. 2d 1139, 1167 (D. Ariz. 2005) (granting summary judgment to

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP) Page 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

subject of this motion, ongoing discovery in this case indicates that participants' rates of future benefit accrual resulting from the six Plan amendments at issue were also significantly reduced by, *inter alia*, changes in pay credit scales, changes in interest crediting rates, narrower definitions of "eligible compensation," changes to benefit offset provisions, and changes in the vesting schedules. Defendants can offer no justification as to why the latter types of reductions are relevant and discoverable under § 204(h), and the former are not.

Defendants apparently take the position that because the hidden impact of "wear away" bears its own label, and because the words "wear away" do not appear in Count II, Defendants can hide the ball on this significant reduction and prevent discovery on this topic. Defendants' position is without basis. Through discovery, and in particular in reliance on documents produced by Defendants and third parties between April and June 2008, *see*, *e.g.*, Derry Decl. ¶¶ 2, 16, 18, & 19 (discussing Exs. 10, 12 & 13), Plaintiffs have been able to demonstrate that reductions based on wear away were caused by the 1987 WaMu Plan amendment and were also a likely feature of both the Pacific First 1994 and Great Western 1997 Plan amendments. Prior to the small amount of discovery produced by Defendants, Plaintiffs did not have data sufficient to allege that the significant reductions caused by the Plan amendments were caused, in particular, by the phenomenon known as wear away.

Liability under § 204(h) necessarily requires analysis of whether the six Plan amendments at issue caused a "significant reduction in the future rate of benefit accrual." This Court has already ruled that Plaintiffs are entitled to discovery on liability under § 204(h) for the named Plaintiffs and the Plan amendments they experienced. May 13 Order on Bifurcation (Dkt.

---

plaintiffs on § 204(h) claim arising out of a plan amendment that provided for a "Secured Benefit Account offset"); *Copeland v. Geddes Fed. Sav. & Loan Ass'n Ret. Income Plan*, 62 F. Supp. 2d 673, 677 (N.D.N.Y. 1999) (elimination of early retirement benefits is a significant reduction requiring § 204(h) notice); *Normann v. Amphenol Corp.*, 956 F. Supp. 158, 164-65 (N.D.N.Y. 1997) (same); *DiCioccio v. Duquesne Light Co.*, 911 F. Supp. 880, 899 (W.D. Pa. 1995) (change in definition of eligible compensation held to be significant *de facto* amendment requiring notice under § 204(h)); *Davidson*, 957 F.2d 1404 (granting summary judgment to plaintiffs based on changes to eligible compensation stemming from plan amendment that should have been disclosed in § 204(h) notice).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP) Page 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  No. 104), slip op. at 2.[7]  Indeed, under a reasonable interpretation of the Court's statements regarding the status of discovery as stated in the Bifurcation Order, discovery relating to wear away is relevant and already should have been produced.  *Id.* ("Defendants have agreed to produce information relevant to a reduction in benefits as a result of any amendments to the plans named in the Complaint and actual benefit accruals of the named plaintiffs.").

Because wear away is only one manifestation of the reductions alleged by Plaintiffs for which Defendants have already conceded relevance in their prior response to RFP No. 22, *see* Derry Decl., Ex. 2 at 12-13, discovery on wear away at this stage of the litigation is entirely appropriate.  *See* Fed.R.Civ.P. 26(b)(1) (parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense;" "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence"); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2008 (2d ed. 1994) (relevancy is construed more loosely at the discovery stage than it is at trial); *Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir. 1981) (same).

In addition, because significance under ERISA § 204(h) may also be determined by reference to Defendants' own concerns about the impact of the amendment, Plaintiffs' request for discovery regarding Defendants' knowledge, analysis, calculations, deliberations, and communications regarding wear away as to the plans named in the Complaint is also appropriate. In *Copeland v. Geddes*, 62 F. Supp. 2d 673, 677 (N.D.N.Y. 1999), the court based its finding of significance requiring prior notice under ERISA § 204(h) on both the magnitude of the reduction of the early retirement benefit and the plan's own concerns that absent the reduction, the plan would be in jeopardy for inadequate funding.  Because it may be relevant to a determination of significance under § 204(h), Plaintiffs are entitled to similar internal deliberations regarding the impact of wear away caused by the Plan amendments in this case.

---

[7] Discovery related to the Ahmanson Plan amendment has been delayed until after a ruling on Plaintiffs' pending motion for class certification.  *See supra* note 1.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP) Page 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    The reasonable anticipated result of the cash balance conversions, among other effects, was to reduce benefits through wear away, and Defendants had an obligation to inform Plan participants of this effect.  *See Amara v. Cigna Corp.*, 534 F. Supp. 2d 288, 338-39, 341-42, 347-48 (D. Conn. 2008).  Thus, whether wear away occurred, and what Defendants knew about it, is relevant to this case and fully within the scope of Plaintiffs' § 204(h) claim.  Plaintiffs allege that the cash balance conversions caused a significant reduction in the rate of future benefit accrual.  Wear away is one type of this reduction.  Defendants are on notice of the nature of Plaintiffs' claim and have produced evidence of various reductions resulting from the amendments at issue in this case (including some evidence of wear away).  They should not be allowed to obscure the full extent of wear away – and thus the reductions that occurred – by withholding obviously relevant documents.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs move to compel discovery from Defendants pursuant to Requests for Production Nos. 44, 45, and 53.  Plaintiffs seek an order compelling Defendants to provide full discovery relating to potential or actual wear away under the Plan amendments at issue and Defendants' knowledge, analysis, calculations, and communications relating to wear away stemming from the plan amendments related to the banks named in the Complaint, including, but not limited to, the 1987 WaMu, 1994 Pacific First, and 1997 Great Western Plan amendments.

A proposed order is submitted herewith.

DATED this 3rd day of July, 2008.

KELLER ROHRBACK L.L.P.

By   /s/ Amy Williams-Derry
    Lynn Lincoln Sarko, WSBA #16569
    Derek W. Loeser, WSBA #24274
    Amy Williams-Derry, WSBA #28711
    Karin B. Swope, WSBA #24015
    Gretchen S. Obrist, WSBA #37071
    1201 Third Avenue, Suite 3200
    Seattle, WA  98101

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO BENEFIT REDUCTIONS THROUGH WEAR AWAY

(07-CV-903MJP) Page 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

(206) 623-1900
(206) 623-3384 (FAX)
lsarko@kellerrohrback.com
dloeser@kellerrohrback.com
awilliams-derry@kellerrohrback.com
kswope@kellerrohrback.com
gobrist@kellerrohrback.com

*Attorneys for Plaintiffs and the Proposed Class*

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RELATED TO BENEFIT REDUCTIONS THROUGH
WEAR AWAY

(07-CV-903MJP)  Page 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## **CERTIFICATE OF SERVICE**

I hereby certify that on today's date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all known counsel of record, in addition service was made via hand delivery to Ladd B. Leavens and Fred B. Burnside, and via Federal Express to Anne E. Rea, Danielle J. Carter, and Rachel Blum Niewoehner.

DATED this 3rd day of July, 2008.

/s/   Amy Williams-Derry
Amy Williams-Derry, WSBA #28711
KELLER ROHRBACK L.L.P.
1201 3rd Avenue, Suite 3200
Seattle, WA  98101
Tel:  (206) 623-1900
Fax:  (206) 623-3384
kswope@kellerrohrback.com

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO BENEFIT REDUCTIONS THROUGH WEAR AWAY

(07-CV-903MJP)  Page 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384