THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY BUUS, et al., individually and on behalf )
of all others similarly situated,                              )
                                                                              )   No. 07-CV-00903 MJP
       Plaintiffs,                                              )
                                                                              )   PRELIMINARY APPROVAL ORDER
       v.                                                            )
                                                                              )
WAMU PENSION PLAN, et al.,                          )
                                                                              )
       Defendants.                                           )

## ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT SUBCLASS, APPROVING NOTICE PLAN AND SETTING FAIRNESS HEARING DATE

WHEREAS, on __June 17__2010, the Named Plaintiffs[1] and Settling Defendants entered into a Settlement Agreement,  which is partially subject to approval by the Court under Fed. R. Civ. P. 23; and

WHEREAS, the Settlement Agreement and the exhibits thereto set forth the terms and conditions for the proposed settlement and dismissal of the claims alleged in the Amended Complaint with prejudice; and

---

[1] All capitalized terms used in this Order and not defined herein shall have the meanings assigned to them in the Settlement Agreement.

PRELIMINARY APPROVAL ORDER
 - 1

WHEREAS, the Court having read and considered the Settlement Agreement and the accompanying documents; and the parties to the Settlement Agreement having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _27th_ day of _July_, 2010 that:

1. <u>Class Findings</u>.  The Court previously certified this case as a class action pursuant to Fed. R. Civ. P. 23(a), and 23(b)(1) and (b)(2).  The parties seek, for the purposes of settlement only, the certification of two additional Subclasses, defined below. The Court preliminarily finds that, for the purpose of settlement only, the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Washington, and any other applicable laws have been met as to the "Subclasses" defined below in that:

A. The Subclasses are cohesive and well defined;

B. The  members of the Subclasses are so numerous that their joinder before the Court would be impracticable;

C. Based on allegations in the Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Subclasses;

D. Based on allegations in the Complaint that the Defendants' alleged conduct affected members of the Subclasses in a uniform manner, the Court preliminarily finds that the claims of the Named Plaintiffs are typical of the claims of the Subclasses;

E. The Court preliminarily finds that the Named Plaintiffs will fairly and adequately protect the interests of the Subclasses for the purpose of settlement in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members

PRELIMINARY APPROVAL ORDER
(07-CV-00903 MJP) Page - 2

of the Subclasses; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Subclasses; and (iii) Named Plaintiffs and the members of the Subclasses are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions; and

F.      The Court preliminarily finds that the prosecution of separate actions by individual members of the Subclasses would create a risk of: (i) inconsistent or varying adjudications as to individual Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action; or (ii) adjudications as to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests.

2.      <u>Subclass Certification</u>.  Based on the findings set out in paragraph 1 above, the Court conditionally certifies the following Subclasses (the "Settlement Subclasses"), for settlement purposes only, under Fed. R. Civ. P. 23(b)(1) and (2):

> (i) H.F. Ahmanson & Company Subclass--All participants, whether active, inactive or retired, their beneficiaries and estates, who were participants in and entitled to accrue benefits under the H.F. Ahmanson & Company Retirement Plan immediately prior to July 1, 1999, and whose accrued benefits or pension benefits are based in part on the WaMu Pension Plan's cash balance formula, from July 1, 1999 to the present; and (ii) 1998 Great Western Subclass--All participants, whether active, inactive, or retired, their beneficiaries and estates, who were participants in and entitled to accrue benefits under the Great Western Retirement Plan immediately prior to January 1, 1998, and whose accrued benefits or pension benefits are based in whole or in part on the WaMu Pension Plan's cash balance formula, from January 1, 1998 to the present, but only with respect to such participants not described in subsection VI(II) of the Court's July 24, 2008 Order Granting Class Certification at p. 16 (Dkt #127).

Each Settlement Subclass has a named Plaintiff who is a member of that Subclass.  The Court appoints, for settlement purposes only, Bryan Buck as a Named Plaintiff and as class

PRELIMINARY APPROVAL ORDER
(07-CV-00903 MJP) Page - 3

representative for the H.F. Ahmanson & Company Subclass and Audrey Schulman as a Named

Plaintiff and class representative for the 1998 Great Western Subclass.  The Court appoints, for

settlement purposes only, Keller Rohrback L.L.P. as Lead Counsel for the Settlement Subclasses.

3.     <u>Conditional Nature of Certification of the Settlement Subclasses</u>.  This

conditional certification of the Settlement Subclasses is solely for purposes of effectuating the

Settlement.  If the Effective Date of the Settlement Agreement does not occur, the foregoing

conditional certification of the Settlement Subclasses and appointment of Named Plaintiffs and

Lead Counsel for the Settlement Subclasses shall be void and of no further effect, and the

Settling Parties shall be returned to the status each occupied  before entry of this Order without

prejudice to any legal argument, position or privilege that any of the Settling Parties might have

asserted but for the Settlement Agreement.

4.     <u>Preliminary Findings Regarding Proposed Settlement</u>.  The Court preliminarily

finds that the proposed Settlement should be approved as: (a) fair, reasonable and adequate; (b)

the product of serious, informed, arm's-length, and non-collusive negotiations; (c) having no

obvious deficiencies; (d) not improperly granting preferential treatment to Class representatives

or segments of the Class; (e) falling within the range of possible approval; and (f) warranting

notice to Class members of a formal fairness hearing, at which evidence may be presented in

support of and in opposition to the proposed Settlement.

5.     <u>Fairness Hearing</u>. A hearing is scheduled for **_October 29_, 2010, at 9 a.m.** in

the courtroom of U.S. District Judge Marsha J. Pechman (700 Stewart Street, Room 14229,

Seattle, WA 98101) (the "Fairness Hearing") to determine, among other things:

A.     whether the Settlement Subclasses should be certified, for settlement purposes, as

a class action;

PRELIMINARY APPROVAL ORDER
(07-CV-00903 MJP) Page - 4

B.      whether the Named Plaintiffs and Lead Counsel have adequately represented the Settlement Subclasses;

C.      whether the Settlement should be approved as fair, reasonable and adequate;

D.      whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement;

E.      whether the Notice and the Publication Notice and the means of disseminating same pursuant to the Settlement Agreement: (i) are appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) meet all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

F.      whether the application for attorneys' fees and expenses to be filed by Lead Counsel should be approved;

G.      whether the proposed Plan of Allocation for the proceeds of the settlement is fair and reasonable and should be approved;

H.      whether the application for case contribution awards for the Named Plaintiffs and former Named Plaintiff should be approved;

I.      whether there are any timely and proper objections to the Settlement and/or to the application for attorneys' fees and expenses or request for case contribution awards and how any such objections shall be resolved; and

J.      any other matters the Court may deem appropriate.

6.      <u>Class Notice</u>. The settling parties have presented to the Court proposed forms of Mailed Notice and Publication Notice (collectively, the "Notice"), which are attached to the Preliminary Approval Motion as Exhibit 3.  With respect to such form of Notice, the Court finds that such Notice fairly and adequately: (a) describes the terms and effect of the Settlement; (b)

notifies the Settlement Class that Lead Counsel will seek from the Settlement Amount awards of attorneys' fees and expenses, reimbursement of expenses, and case contribution awards for the Named Plaintiffs; (c) notifies the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Notice may object to approval of the Settlement.  The Settling Parties have proposed the following manner of disseminating the Notice to members of the Class, and the Court finds that such proposed manner of dissemination is the best notice practicable under the circumstances and directs that the Settling Parties shall:

A.     By no later than 60 days after entry of this Preliminary Approval Order, __September 28__, 2010, unless such time is extended in the manner described below, through the Claims Administrator, cause the Mailed Notice, with blanks completed  and such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be mailed, by first-class mail, postage prepaid, to each of the following persons who can be identified and their current mailing address located by reasonable effort:  (i) each person within the Settlement Class; (ii) in cases of pending litigation, arbitration or other proceeding, if any, of any other claim against any of the Releasees relating to any of the Settled Claims, all counsel known by Lead Counsel to represent a member of the Class; and (iii) all other counsel known by Lead Counsel to represent a member of the Class.  Should additional time beyond 60 days be needed in good faith by any Settling Party to mail the Mailed Notice, the Settling Parties will consent to an extension of the 60 day period for the additional amount of time needed in good faith to mail the Mailed Notice, and such extension will not require additional Court approval.

B.     By no later than 60 days after entry of this Preliminary Approval Order, _September 28_, 2010 cause the Mailed Notice to be published on the website identified in the Notice.

PRELIMINARY APPROVAL ORDER
(07-CV-00903 MJP) Page - 6

C.      By no later than 60 days after entry of this Preliminary Approval Order, _September 28_, 2010, cause the Publication Notice, with blanks completed and such non-substantive modifications thereto as may be agreed upon by the settling parties, to be published on at least one occasion in *The Seattle Times* and by electronic publication on the Business Wire.

D.      At or before the Fairness Hearing, Lead Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

7.      The Settling Defendants shall reasonably cooperate with Lead Counsel and the Claims Administrator in obtaining the information necessary to accomplish Notice provided for in paragraph 3.5(b), as provided in the Settlement Agreement.

8.      Reasonable expenses up to $100,000 incurred in implementing the provisions of paragraph 6 above pertaining to providing notice of the Settlement, shall be paid solely from the WaMu Pension Plan pursuant to direction by the appropriate Settling Party or Parties, without further order of this Court.  No amount above $100,000 shall be paid from the WaMu Pension Plan for these purposes without further order of this Court.

9.      The Plan has retained Sidley Austin LLP ("Sidley Austin") to assist in administering the Settlement, including, but not limited to, assisting in the following activities: (i) identifying and locating class members, (ii) preparing a Plan of Allocation, (iii) preparing a Plan amendment, (iv) distributing notice and information about the Settlement to the Settlement Class, and (v) allocating the Net Settlement Amount to the Settlement Class.  Sidley Austin will submit invoices for payment of its fees and expenses in assisting in the Settlement to the WaMu Pension Plan.  If those invoices remain unpaid within 60 days of their submission, Sidley Austin will submit a notification of failure to pay to the WaMu Pension Plan, and Sidley Austin's fees and expenses in assisting in the Settlement will be paid from the WaMu Pension Plan as an

administrative expense of the Plan within 30 days of receipt of such notification.  Pursuant to Section 1.2(t) of the Settlement Agreement, up to $1,000,000 of such fees and expenses may be deducted from the Net Settlement Amount in accordance with the terms set forth in 3.5(a) of the Settlement Agreement.

10.     Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, all Participants are preliminarily enjoined from instituting or commencing any action against Settling Defendants based on the Released Claims and all proceedings in this action, except those related to approval of the Settlement, are stayed.

11.     This Court approves the appointment of Kurtzman Carson Consultants ("KCC") as the Claims Administrator to assist the Settling Parties in the administration of this Settlement, including but not limited to the distribution of the Notice.

12.     All Settling Parties and the Claims Administrator may respond to inquiries from the Class regarding the Settlement, except that counsel for Settling Defendants will not communicate directly with the Class regarding the Settlement without the prior approval of Lead Counsel.  The Claims Administrator may respond to inquiries from the Class regarding the Settlement in accordance with a written FAQ approved by the Settling Parties.

13.     Objections to Settlement.  The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses or Named Plaintiff case contribution awards, if the member of the Settlement Class files, no later than 14 days prior to the Final Fairness Hearing, documents containing the following:

A.     the objector's full name and address, along with an appearance of counsel of the objector is so represented;

B.      a written statement of all grounds for the objection, including any evidence supporting the objection;

C.      any supporting memorandum;

D.      a list of all persons to be called to testify, including experts; and

E.      a statement whether the objector intends to appear at the Fairness Hearing and, if such appearance will be through counsel, the identity of all counsel,

and has obtained due proof of service of the filing of the information listed above upon counsel identified below, with the Clerk of the Court, U.S. District Court, Western District of Washington, 700 Stewart Street, Seattle, WA 98101.

**LEAD COUNSEL:**

| | |
|---|---|
| Lynn Lincoln Sarko<br>Derek Loeser<br>Karin Swope<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Fax: (206) 623-3384 | |

**DEFENDANTS' COUNSEL:**

| | |
|---|---|
| Anne E. Rea<br>Rachel Blum Niewoehner<br>SIDLEY AUSTIN, L.L.P.<br>One South Dearborn Street<br>Chicago, IL 60603<br>Fax: (312) 853-7036<br>E-mail: area@sidley.com<br><br>Brian S. Rosen<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Fax: (212) 310-8007<br>E-mail: brian.rosen@weil.com | |

14.     <u>Appearance at Fairness Hearing</u>.  Attendance at the Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's request for attorneys' fees or case contribution awards are required to state in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for attorneys' fees or case contribution awards and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing.

15.     Any member of the Class or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

16.     Defendants' Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections and notices of intention to appear at the Fairness Hearing that come into their possession (and shall do so no later than two business days after receiving each such objection and/or notice of intention to appear).

17.     <u>Response to Objectors</u>.  Lead Counsel, and, if appropriate, Settling Defendants' counsel, shall respond to any timely-filed and served objection no later than seven (7) calendar days before the Fairness Hearing.

18.     <u>Additional Filings</u>.  Lead Counsel shall file no later than twenty-one days (21) before the Fairness Hearing, (or the next business day thereafter if the date falls on a weekend or holiday), and post on the website identified in the Notice prior to the Fairness Hearing motions for approval of the proposed Plan of Allocation, and applications for awards of attorneys' fees

and cost reimbursements and for case contribution awards.  Lead Counsel shall file no later than seven (7) days before the Fairness Hearing, a motion for final approval of the Settlement.

19.     <u>Termination of Settlement</u>.  This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing as of the date immediately prior to the date of Termination (pursuant to the provisions of paragraph 8.2(a) of the Settlement Agreement), if the Settlement is terminated under the terms of the Settlement Agreement.  In such event, paragraphs 8.1 and 8.2 of the Settlement Agreement shall govern the rights of the settling parties.

20.     <u>Use of Order</u>.  Under no circumstances shall this Order be construed, deemed or used as an admission, concession or declaration by or against any of the Settling Defendants of any fault, wrongdoing, breach or liability.  Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the ERISA Action is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

21.     <u>Separation of Determinations</u>.  Neither Settling Defendants nor their counsel shall have any responsibility whatsoever for the Plan of Allocation or for any application for attorneys' fees or reimbursement of Litigation Expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.  The Court reserves the right to approve the settlement and/or Plan of Allocation with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Judgment approving the settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or litigation expenses.

PRELIMINARY APPROVAL ORDER
(07-CV-00903 MJP) Page - 11

22.     <u>No Settlement Discovery</u>.  No discovery by any person with regard to the Settlement or the Settlement Agreement shall be permitted as to any Settling Party other than as may be directed by the Court upon a proper showing by the person seeking such discovery pursuant to a motion properly noticed and served.

23.     Should the Settlement not be finally approved, or should the Effective Date not occur, this Preliminary Approval Order, including the modifications to the Court's July 24, 2008 order certifying a class, shall be null and void and of no further force and effect, and the parties shall be restored to their respective positions prior to the execution of the Settlement Agreement. Upon such nullification, neither this Preliminary Approval Order nor the Settlement Agreement shall be used or referred to for any purpose in this Action or in any other proceeding, and the Settlement Agreement and all negotiations thereto shall be inadmissible.  The Settlement Agreement and this Preliminary Approval Order are not an admission of liability by Settling Defendants.

SO ORDERED this _27th_ day of ___July___, 2010.



_____
Marsha J. Pechman
United States District Judge

PRELIMINARY APPROVAL ORDER
(07-CV-00903 MJP) Page - 12