


# NOTICE OF
# OBJECTION TO SETTLEMENT
# IN
# Buus, et al. v. WaMu Pension Plan, et al.
# Case No.: 07-cv-00903 MJP



07-CV-00903-OBJ

October 14, 2010

Attorneys P. Ann O'Connell and Kerry A. Garesché
for client Kenneth David Brach, pension plan participant in
H. F. Ahmanson & Company, and successor in interest,
Washington Mutual, Inc. pension plans.

## 1. OBJECTION

1. Kenneth David Brach through his attorneys P. Ann O'Connell and Kerry A. Garesché bring this objection in the United States District Court for the Western District of Washington.

2. Mr. Brach objects to being notified six days ago (10/9/10) that he was added as a class member to similarly situated plaintiffs litigating and challenging the discriminatory conversion of the WaMu Pension Plan to a cash balance formula for calculating pension benefits.

3. Mr. Brach objects to having six days in which to formally file a timely objection of the Settlement terms, the terms of which he finds unfair, unreasonable and inadequate.

4. Mr. Brach independently retained counsel to legally challenge the WaMu Pension Plan's cash balance formula for calculating pension benefits as discriminatory based on age, because it causes a reduced rate of benefit accrual that is correlated with age, and its violations with the ERISA notice and disclosure provisions.

## 2. FACTS

5. Mr. Brach retained counsel to file a complaint against the WaMu Pension Plan and The Washington Mutual Pension Plan Administration Committee after wrongly suspending his pension benefit payments on March 1, 2010.

6. Mr. Brach intends to prove the pension plan statements regularly provided him indicating his projected monthly H.F. Ahmanson and Company pension benefits, and later the WaMu Pension Plan ("the Plan") accurately reflected a $3700.00 per month pension benefit upon retirement at age 65.

7. To point of fact, Mr. Brach after electing an early retirement did receive nearly $3000.00 per month in pension benefits from August 2009 through February 2010, although he believed those payments to be $300.00 less even with early retirement, which he challenged.

8.  In February of 2010, Mr. Brach was notified his pension was being suspended without explanation. A documented history records his efforts to ascertain the reason for the loss of benefits.

9.  After retaining our services, Mr. Brach learned in June of 2010 that his pension was suspended due to overpayments to Mr. Brach. He was promised an actuary's report to explain his recalculated pension benefits by July 15, 2010.

10. On July 15, 2010, Mr. Brach learned that the Plan's cash balance formula when applied reduced his pension benefits from $2883.43 per month to $423.83 per month, although a formula or cogent explanation for that determination were not provided by the Plan Administrators.

11. On July 15, 2010, Mr. Brach also learned, according to the new calculation that *he* owed the Plan $17, 217.20 in overpayment fees. His choice: Pay the $17,217.20 or have his pension frozen for years until that amount was satisfied.

12. On October 1, 2010, Mr. Brach retained our services to litigate the denial of pension benefits, having formally appealed the decision of the Plan's Administrative Committee to satisfy procedural requirements for additional causes of actions.

13. The Plan's Administrative Committee's reformulation of Mr. Brach's pension benefits based on the cash balance formula has denied him $23,067.44 over the last 8 months. Future losses for Mr. Brach, if the $423.83 pension value cannot be legally challenged because he cannot opt out of the class, are $442,728.00, assuming a life expectancy of 78 years of age (he is currently 63 years old).

14. Clearly, a settlement award of $1,072.00 that precludes Mr. Brach from seeking the $465,795.44 he is owed is grossly unfair, unreasonable and inadequate.

15. Therefore, Mr. Brach as a week old class member objects to the approval of the Settlement Agreement and prays that a judgment not be entered thereon that does not compensate Mr. Brach fully for his known losses under the cash balance formula.

Respectfully,

/s/ Kerry A. Gareschè
Kerry A. Gareschè, Esq.
*Counsel for Kenneth David Brach*