THE HONORABLE MARSHA J. PECHMAN

07-CV-00903-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY BUUS, et al., individually and on behalf )
of all others similarly situated, )
 )   No. 07-CV-00903 MJP
   Plaintiffs, )
 )   [PROPOSED] FINAL APPROVAL
   v. )   ORDER AND FINAL JUDGMENT OF
 )   DISMISSAL WITH PREJUDICE
WAMU PENSION PLAN, et al., )
 )
   Defendants. )

**[PROPOSED] ORDER AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE**

This is a case brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), claiming violation of the notice provisions in ERISA § 204(h). Named Plaintiffs[1] filed a Class Action Complaint for Violations of the Employee Retirement Income Security Act (the "Complaint") on June 7, 2007. A Settlement Agreement, dated June 29, 2010 ("Settlement Agreement"), was filed with the Court on Oct 29, 2010. Before the Court are: (1) Named Plaintiffs' Motion for Final Approval of ERISA Class Action Settlement and for Settlement Subclass Certification ("Final Approval

---

[1] The following individuals are named plaintiffs in this matter: Gary Buus, Bryan Buck, Sidney John Flor, Kellie Plumb, Thomas Schoenleber, Audrey Schulman, and Margaret Weber ("Plaintiffs" or "Named Plaintiffs").

Final Approval Order and Judgment
- 1

Motion"); (2) Named Plaintiffs' Motion and Memorandum for Approval of Plan of Allocation ("Plan of Allocation Motion"); and (3) Counsel's Fee and Expense Application.[2]

On ~~Oct 27~~ July 27, 2010 the Court entered its Order Preliminarily Approving Settlement, Preliminarily Certifying Settlement Subclasses, Approving Notice Plan and Setting a Fairness Hearing Date ("Order for Notice and Hearing"). The Court has received declarations attesting to the mailing of the Notice and publication of the Publication Notice in accordance with the Order for Notice and Hearing. A hearing was held on **Oct 29**, 20**10** (the "Final Approval and Fairness Hearing") to: (i) determine whether to grant the Final Approval Motion; (ii) determine whether to grant the Plan of Allocation Motion; (iii) determine whether to grant the Fees and Expenses Motion, which is the subject of a separate Order; and (iv) rule upon such other matters as the Court might deem appropriate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, all members of the Class, and all Defendants pursuant to 29 U.S.C. § 1132(e).

2. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Settlement Class has been given proper and adequate notice of the Settlement, the Fairness Hearing, and the Plan of Allocation Motion, such notice having been carried out in accordance with the Preliminary Approval Order. The Notice, Publication Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal

---

[2] All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement.

FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL
(07-CV-00903 MJP) Page - 2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

US_ACTIVE:\43424289\01\79831.0003

Rules of Civil Procedure and any other applicable law. The Settling Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

3. The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the parties had completed extensive fact and expert discovery, had exchanged expert reports and had filed cross-motions for summary judgment. Lead Counsel and Defendants' Counsel are therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

4. The Court finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Washington, and any other applicable laws have been met as to the "Settlement Subclasses" defined below, in that, for settlement purposes:

A. The Subclasses are cohesive and well defined;

B. The members of the Subclasses are so numerous that their joinder before the Court would be impracticable;

C. Based on allegations in the Complaint, the Court finds that there are one or more questions of fact and/or law common to the Subclasses, including whether the Settlement is fair;

D. Based on allegations in the Complaint that the Defendants' alleged conduct affected members of the Subclasses in a uniform manner, the Court finds that the claims of the Named Plaintiffs are typical of the claims of the Subclasses;

E. The Named Plaintiffs will fairly and adequately protect the interests of the Subclasses in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are

FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL
(07-CV-00903 MJP) Page - 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

US_ACTIVE:\43424289\01\79831.0003

consistent with those of the members of the Subclasses; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Subclasses; and (iii) Named Plaintiffs and the members of the Subclasses are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions; and

    F.    The prosecution of separate actions by individual members of the Subclasses would create a risk of: (i) inconsistent or varying adjudications as to individual Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action; or (ii) adjudications as to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests.

    5.    Based on the findings set out in paragraph 4 above, the Court certifies the following Subclasses (the "Settlement Subclass" or "Settlement Subclasses") for settlement purposes under Fed. R. Civ. P. 23(b)(1) and (2):

> (i) H.F. Ahmanson & Company Subclass--All participants, whether active, inactive or retired, their beneficiaries and estates, who were participants in and entitled to accrue benefits under the H.F. Ahmanson & Company Retirement Plan immediately prior to July 1, 1999, and whose accrued benefits or pension benefits are based in part on the WaMu Pension Plan's cash balance formula, from July 1, 1999 to the present; and (ii) 1998 Great Western Subclass--All participants, whether active, inactive, or retired, their beneficiaries and estates, who were participants in and entitled to accrue benefits under the Great Western Retirement Plan immediately prior to January 1, 1998, and whose accrued benefits or pension benefits are based in whole or in part on the WaMu Pension Plan's cash balance formula, from January 1, 1998 to the present, but only with respect to such participants not described in subsection VI(II) of the Court's July 24, 2008 Order Granting Class Certification at p. 16 (Dkt #127).

Each Settlement Subclass has a named Plaintiff who is a member of that subclass. The Court hereby appoints Bryan Buck as Named Plaintiff and as class representative for the H.F.

FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL
(07-CV-00903 MJP) Page - 4

US_ACTIVE:\43424289\01\79831.0003

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Ahmanson & Company Subclass, as set forth in (i) of the Settlement Subclass above, and Audrey Schulman as Named Plaintiff and class representative for the 1998 Great Western Subclass, as set forth in (ii) of the Settlement Subclass above. The Court appoints Keller Rohrback L.L.P. as Lead Counsel for the Settlement Subclasses.

6. The proposed Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because it is fair, adequate, and reasonable to the Settlement Class and others whom it affects based upon (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of the Defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

7. The Settlement was intended by the parties thereto to be a contemporaneous exchange of value, and in fact constitutes such a contemporaneous exchange.

8. The Final Approval Motion is GRANTED, and the Settlement hereby is APPROVED as fair, reasonable, adequate to members of the Class, and in the public interest. The settling parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

9. The Plan of Allocation is hereby APPROVED as fair, adequate, and reasonable. Upon or after the Effective Date of the Settlement, but in no event later than (90) ninety days following the Effective Date, unless extended in the manner provided below, the Plan shall cause to be allocated the Net Settlement Amount in accordance with the Plan of Allocation,

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

subject to any amounts withheld by the Plan for the payment of related expenses as authorized in the Settlement Agreement, and attorneys' fees and expenses and case contribution awards to Named Plaintiffs and former Named Plaintiff Audrey Schulman as authorized by this Order. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Should additional time beyond ninety (90) days be needed in good faith by any Settling Party to allocate the Net Settlement Amount in accordance with the Plan of Allocation, the Settling Parties will then consent to an extension of the ninety (90) day period for the additional amount of time needed in good faith to accomplish that task, and such extension will not require additional Court approval.

10. This Court is awarding, by separate order of this date, fees and expenses to Lead Counsel and case contribution awards to the Named Plaintiffs, each of which shall be paid by the Plan as an administrative expense.

11. The Court retains jurisdiction over this action and the Parties, the Plan, and members of the Class for all matters relating to this action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and allocating the Settlement proceeds to members of the Class.

12. It is further ADJUDGED that Named Plaintiffs and all members of the Settlement Class, on behalf of themselves, and the Settlement Class, and their personal representatives, heirs, executors, administrators, trustees, successors, and assigns, fully, finally and forever release, relinquish and discharge, and are forever enjoined from prosecuting, any Released Claim, Class Claims or Employee Claims against any of the Released Parties, provided that, no

FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL
(07-CV-00903 MJP) Page - 6

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

US_ACTIVE:\43424289\01\79831.0003

Released Party shall seek any remedy for violation of the foregoing injunction by any Class Member other than a Named Plaintiff until at least thirty (30) days after having provided such Class Member with written notice of such injunction and demand to desist from any conduct in violation thereof.

13. The Released Claims, as defined in Section 5.2 of the Settlement Agreement include any and all claims, demands, liabilities and causes of action of any nature whatsoever, including, without limitation, claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief, whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise, arising from or relating to (a) the causes of action asserted or that could have been asserted in the Amended Complaint, the Class Claims or the Employee Claims or that would be barred by principles of res judicata had the claims asserted in the Amended Complaint or in the Class Claims or the Employee Claims been fully litigated and resulted in a judgment or order; (b) the actions or claims asserted by any Person in the Chapter 11 Cases that arose out of the breach or alleged breach of any duty owed to the WaMu Pension Plan, the WaMu Predecessor Plans, or their participants under ERISA; (c) the WaMu Pension Plan's and/or the WaMu Predecessor Plan's cash balance formula for calculating pension benefits or the alleged failure to comply with ERISA's notice and disclosure provisions in connection therewith, including, without limitation, any claims and causes of action asserted, or that could have been asserted, for and on behalf of the Named Plaintiffs, the members of the Settlement Class, or the WaMu Pension Plan against any of the Releasees; or (d) for indemnity or contribution with respect to any claim (i) described

FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL
(07-CV-00903 MJP) Page - 7

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

US_ACTIVE:\43424289\01\79831.0003

in the foregoing clauses (a) or (b) or (ii) arising out of or relating to this Agreement and/or the Settlement Amount. The Released Claims do not include (i) unrelated claims for vested benefits or (ii) claims based on improper benefit calculations not related to the causes of action asserted or that could have been asserted in the Amended Complaint, the Class Claims or the Employee Claims.

14. As set forth in Section 5.7 of the Settlement Agreement, each member of the Settlement Class shall be deemed to have waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or any federal, state, or foreign law, rule, regulation or common law doctrine that is similar, comparable, equivalent, or identical to, or which has the effect of, Section 1542 of the *California Civil Code, which provides:*

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Notwithstanding the provisions of Section 1542 and any similar provisions, rights and benefits conferred by any law, rule, regulation or common law doctrine of California or in any federal, state or foreign jurisdiction, the releases given pursuant to the Settlement Agreement shall include Released Claims that are not known or suspected to exist at the time such releases are given.

15. It is further ADJUDGED that the Settling Defendants fully, finally, and forever release, relinquish, and discharge, and are forever enjoined from prosecuting WMI Released Claims against the Plaintiff Releasees as the terms are defined Section 5.3 of the Settlement Agreement and incorporated herein, against the Named Plaintiffs, the Settlement Class, Lead Counsel and other counsel who represent members of the Settlement Class, if any.

FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL
(07-CV-00903 MJP) Page - 8

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

US_ACTIVE:\43424289\01\79831.0003

16. All counts asserted in the Buus Action are DISMISSED WITH PREJUDICE and without costs, without further order of the Court, pursuant to the terms of the Settlement Agreement, except as provided in a separate order on Counsel's Fee and Expense Application.

17. In the event that the Settlement is terminated, this Judgment shall be null and void and shall be vacated *nunc pro tunc*, the foregoing certification of the Settlement Subclasses and appointment of Named Plaintiffs shall be void and of no further effect, and paragraph 8.1 and 8.2 of the Settlement Agreement shall govern the rights of the Parties thereto.

18. The Settlement Agreement is not, and shall not be construed to be, an admission or wrongdoing by any Defendant, and this Court makes no such finding or determination. Neither the Settlement Agreement nor any of the proceedings in connection therewith shall be offered or received in evidence for any purpose, except that Defendants may submit this Final Order and Judgment to support a claim of *res judicata*, collateral estoppel, release or any theory of claim or issue preclusion, or they may submit this Final Order and Judgment in any action to enforce the injunctive provisions of paragraph 12.

SO ORDERED this 29 day of Oct. , 2010.

HONORABLE MARSHA PECHMAN
UNITED STATES DISTRICT JUDGE

FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL
(07-CV-00903 MJP) Page - 9

US_ACTIVE:\43424289\01\79831.0003

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384